**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**LAQUITA DAVIS, the natural mother and
guardian of RODREGEZ JACKSON, a minor**                                **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO.**   1:21cv143-MPM-DAS

**C&M SOUTHERN MIDWAYS;
JOHN DOES 1-10**                                                          **DEFENDANTS**

<u>**COMPLAINT**</u>
<u>**JURY TRIAL DEMANDED**</u>

COMES NOW the Plaintiff, LAQUITA DAVIS, the natural mother and guardian of RODREGEZ JACKSON, a minor, by and through counsel, and in support of this, her Complaint for damages against the Defendants, respectfully alleges the following:

1. Plaintiff, LAQUITA DAVIS, is an adult resident citizen of Winston County, MS.

2. RODREGEZ JACKSON, a minor, (hereinafter "the minor" or "the minor Plaintiff") resides with his mother and natural guardian, LAQUITA DAVIS, in Winston County, MS.

3. Defendant, C&M SOUTHERN MIDWAYS, is a foreign entity which does business in Mississippi and has its principal place of business in Alabama. Upon information and belief, it may be served with process by service on either of its two (2) owners/officers/director, Charles Haisch or Michael Haisch, at 259 Danny Lane, Eastaboga, AL 36260.

4. John Does 1-10 are fictitious and unknown parties whose negligent acts caused or contributed to the minor Plaintiff's injuries. The identity of these parties is unknown at this time

and can only be ascertained through the use of judicial mechanisms such as discovery. Upon learning the identity of this party or parties, the Plaintiff may substitute it/them for the fictitious parties under Rule 9(h). Alternatively, in the event that the Plaintiff has sued the wrong party and is required to change parties, such amendment will be made in accordance with Rule 15(c).

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the parties.

6. This Court has subject matter jurisdiction over this cause, pursuant to pursuant to Title 28 U.S.C §1332 as the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7. Venue is proper in the United States District Court for the Northern District of Mississippi, Aberdeen Division pursuant to Title 28 U.S.C §1391 as same is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

8. On April 5, 2019, Rodregez Jackson, a minor, was an invitee at the Louisville Coliseum fair which was operated and maintained by Defendant, C&M Southern Midway (hereinafter "subject premises").

9. The equipment and rides in question were owned, operated, maintained and supervised by Defendant, C&M Southern Midway.

10. While an invitee on the subject premises, the Rodregez Jackson, a minor, was injured when his foot became lodged between a portion of a ride and the platform of such ride.

11. Upon information and belief, the ride in question was called the "Tip-Top Ride."

12. The minor's foot became lodged when an employee of Defendant instructed the minor to get back into the seat/bucket of the ride when the ride was still in motion.

## CAUSES OF ACTION

### Count I: Negligence/Premises Liability

13. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

14. That the Defendant was under a duty to exercise reasonable care to ensure that its business activities on the premises did not cause harm to foreseeable invitees on the premises such as the minor Plaintiff.

15. Defendant breached the duty of reasonable care by:

    a. failing to provide and maintain a reasonably safe premises;

    b. failing to enact adequate and proper safety guidelines and/or standards;

    c. failing to monitor and enforce Defendant's own safety policies, procedures and regulations;

    d. failing to ensure that the equipment installed in/on its premises was reasonably safe and/or otherwise complied with applicable safety standards and/or industry guidelines/standards; and/or

    e. failing to otherwise exercise reasonable care which proximately caused the aforesaid hazardous conditions.

### Count II: Negligent Training and Negligent Supervision

16. The Defendant is guilty of the following negligent acts and/or omissions:

    a. Failing to make and/or enforce policies and procedures for routine maintenance and inspections of the premises;

    b. Failing to properly and adequately train employees which were under its supervision and control concerning proper safety standards and/or maintenance and inspection of the premises to ensure compliance with applicable safety rules and guidelines; and/or

    c. Failing to otherwise properly train and supervise employees with respect to proper safety procedures associated with monitoring the carnival/fair rides and patrons who were utilizing same.

17. Defendant's breach of these duties was a proximate and contributing cause and/or concurrent cause of the accident and the resulting injuries to them minor Plaintiff.

### Count III: Respondeat Superior

18. At all times referenced herein, the induvial employee operating and supervising the ride in question was an employee of the Defendant, C&M southern Midways, and was acting within the course and scope of his employment.

19. Defendant is vicariously liable for the tortuous acts of said employee via the legal theory of *respondeat superior*

### DAMAGES

20. Defendant's breach of these duties was a proximate and contributing cause and/or concurrent cause of the accident and the resulting injuries to the minor Plaintiff.

21. As a further direct and proximate cause of Defendant's disregard for the minor Plaintiff's safety and well-being and other negligent acts, the minor Plaintiff suffered serious injuries and incurred substantial monetary damages. These damages include, but are not limited to the following:

   a. past, present and future medical expenses;

   b. past, present and future loss of enjoyment of life;

   b. past, present and future physical pain and suffering;

   c. permanent disability;

   d. past, present and future mental and emotional distress;

   e. past, present and future lost wages;

f. any other relief, which the Court or jury deems just or appropriate based upon the circumstances.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants for actual and compensatory damages, attorney's fees and costs.

Respectfully submitted, this the 6TH day of September, 2021.

                                                **LAQUITA DAVIS, the natural mother and guardian of RODREGEZ JACKSON, a minor**

By: _____
        Shanda M. Yates

**OF COUNSEL:**

Shanda M. Yates (MSB #102687)
**BURNS & ASSOCIATES, PLLC**
Post Office Box 16409
Jackson, Mississippi 39236-6409
Telephone: (601) 487-6997
Facsimile: (601) 487-6958
syates@burnsandassociateslaw.com


R. Gregg Rogers
Post Office Box 478
Louisville, MS 39339
Telephone: (662) 779-4130
Facsimile: (662) 779-4125